IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN DEVERE,

    Petitioner,                    No. CIV S-08-1132 JAM DAD P

    vs.

D.K. SISTO, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein petitioner challenges the June 30, 2005, decision by the California Board of Prison Hearings (Board) denying him parole. Before the court is respondents' motion to dismiss the petition on the grounds that petitioner failed to exhaust state judicial remedies. On May 4, 2009, the court ordered petitioner to file an opposition to the motion or to show cause why sanctions should not be imposed for his failure to file a timely opposition. Petitioner has not responded to the court's order and has failed to file any opposition to the motion.

        Respondents refer to the petition pending before the court in which petitioner alleges that his petition before the California Supreme Court is pending. (Mot. to Dismiss (MTD) at 2.) Respondents assert that according to the California Supreme Court's records, the

1

1  only petition petitioner has filed with that court is a petition challenging the Board's August 23,

2  2006 decision denying parole. (Id.) Respondents have provided this court with a copy of the

3  transcript from the August 23, 2006 hearing. (Id., Ex. 1 (Doc. No. 7, Part 2 at 22 (Board

4  Transcript)). At the conclusion of the August 23 hearing, the presiding commission announced

5  the Board's decision and provided the following history on petitioner's past parole hearings:

> PRESIDING COMMISSIONER SHELTON: . . .Mr. Devere, you are not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. I'm going to say some things to you today, and I hope they sink in. We gave you a denial of two years.
>
> INMATE DEVERE: A two-year denial?
>
> PRESIDING COMMISSION SHELTON: Uh-huh.
>
> INMATE DEVERE: After receiving a one.
>
> PRESIDING COMMISSION SHELTON: This is my time. You didn't receive a one. You agreed to an unsuitability for one year for a psychological evaluation. Prior to that you had a two-year denial, and prior to that you had a four-year denial, which was based on you going through hearings. That's part of the problem with you, sir, is that you spent this entire hearing, and I couldn't agree more with the Deputy District Attorney, in denying any responsibility for anything you have done for yourself. And I've got a laundry list. And I would be more than happy to recommend more than a two-year denial if I thought I could make it stick . . . .
>
> * * *
>
> DEPUTY DISTRICT ATTORNEY MEREDITH: Commissioner, could I just say something to clarify the record? I don't want - - it's my understanding and you mentioned it in the beginning, that the inmate did make a comment. We were here for a hearing that was postponed almost for a year because there was no psychological report. But at the last hearing, there was a one-year denial was my understanding. I just wanted to make sure the record was clear.

23  (Id., Ex. 1 at 71-72, 80-81 (Doc. No. 7, Part 2 at 94-95, 103-04)).

24        The exhaustion of state court remedies is a prerequisite to the granting of a

25  petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the

26  exhaustion requirement by fairly presenting to the highest state court all federal claims before

presenting them to the federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  A federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  See Rose v. Lundy, 455 U.S. 509, 516 (1982).

The court agrees that petitioner has failed to exhaust his state court remedies as required in order for him to proceed with this habeas action challenging the Board's 2005 decision denying him parole.  From the record before this court, it appears that petitioner's 2005 parole suitability hearing was postponed for a year with a one year denial of parole.  The federal habeas petition now pending before this court challenges that 2005 parole denial.  However, the only habeas petition filed by petitioner with the California Supreme Court, which according to petitioner is in any event still pending before that court, challenges petitioner's August 23, 2006, parole denial.  Therefore, the record establishes that petitioner has not exhausted his state judicial remedies with respect to the 2005 parole denial by presenting his federal claims to the highest state court as required.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' December 1, 2008 motion to dismiss (Doc. No. 7) be granted; and

2. This action be dismissed for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the

/////

/////

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: June 18, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
deve1132.mtd

4